J-S01025-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CARMEN GLORIA CRUZ | : | |
| | : | |
| Appellant | : | No. 727 MDA 2023 |

Appeal from the Judgment of Sentence Entered April 4, 2023
In the Court of Common Pleas of Berks County Criminal Division at
No(s):  CP-06-CR-0002421-2022

BEFORE:   PANELLA, P.J.E., KUNSELMAN, J., and COLINS, J.[*]

MEMORANDUM BY KUNSELMAN, J.:          **FILED: APRIL 1, 2024**

Carmen Cruz appeals from the judgment of sentence imposed after she pled guilty to possession with intent to deliver ("PWID").[1]  She challenges the discretionary aspects of her sentence.   Additionally, Cruz' counsel filed a petition to withdraw representation and an accompanying brief pursuant to ***Anders v. California***, 386 U.S. 738 (1967).  Upon review, we grant counsel's petition, and affirm the judgment of sentence.

On April 4, 2023, Cruz entered an open guilty plea to one count of PWID cocaine (43.87g), fentanyl (30.1g), and heroin (4.3g).  That same day, the

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 35 P.S. 780-113(a)(30).

trial court sentenced Cruz to 78 to 156 months' incarceration.[2]  Cruz filed a post-sentence motion, which the court denied.

Cruz filed this timely appeal.  She and the trial court complied with Pennsylvania Rule of Appellate Procedure 1925.[3]  Counsel filed a petition to withdraw from representation and an **Anders** brief with this Court.  Cruz did not retain independent counsel or file a *pro se* response to the **Anders** brief.

Before we may consider the issues raised in the **Anders** brief, we must first consider counsel's petition to withdraw from representation.  **See Commonwealth v. Garang**, 9 A.3d 237, 240 (Pa. Super. 2010) (holding that, when presented with an **Anders** brief, this Court may not review the merits of the underlying issues without first passing on the request to withdraw).  Pursuant to **Anders**, when counsel believes an appeal is frivolous and wishes to withdraw from representation, counsel must do the following:

---

[2] Notably, at the same hearing, Cruz also pled guilty to conspiracy to PWID cocaine and fentanyl and delivery of cocaine in two other cases.  The sentences in those cases (16 to 156 months and 27 to 156 months respectively) were imposed concurrent to the sentence in this case.  They are not at issue in this appeal.

[3] Cruz filed a Rule 1925(b) statement.  The trial court issued a statement in lieu of opinion because Cruz failed to have her guilty plea and sentencing hearing transcribed.  Cruz asked this Court to compel the trial court to submit an amended Rule 1925(a) opinion.  We granted Cruz' request and remanded this matter to the trial court.  The trial court submitted an amended opinion.

> (1) petition the court for leave to withdraw stating that after making a conscientious examination of the record, counsel has determined the appeal would be frivolous; (2) file a brief referring to any issues that might arguably support the appeal, but which does not resemble a no-merit letter; and (3) furnish a copy of the brief to the defendant and advise [her] of [her] right to retain new counsel, proceed *pro se*, or raise any additional points [the defendant] deems worthy of this Court's attention.

*Commonwealth v. Edwards*, 906 A.2d 1225, 1227 (Pa. Super. 2006) (citation omitted). In *Commonwealth v. Santiago*, 978 A.2d 349 (Pa. 2009), our Supreme Court addressed the second requirement of *Anders*, *i.e.*, the contents of an *Anders* brief, and required that the brief:

> (1) provide a summary of the procedural history and facts, with citations to the record;
>
> (2) refer to anything in the record that counsel believes arguably supports the appeal;
>
> (3) set forth counsel's conclusion that the appeal is frivolous; and
>
> (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 978 A.2d at 361. Once counsel has satisfied the *Anders* requirements, it is then this Court's responsibility "to conduct a simple review of the record to ascertain if there appear on its face to be arguably meritorious issues that counsel, intentionally or not, missed or misstated." *Commonwealth v. Dempster*, 187 A.3d 266, 272 (Pa. Super. 2018).

Here, counsel filed both an *Anders* brief and a petition for leave to withdraw as counsel. Further, the *Anders* brief substantially comports with

the requirements set forth by our Supreme Court in **Santiago**.  Finally, the record included a copy of the letter that counsel sent to Cruz of counsel's intention to seek permission to withdraw and advising Cruz of her right to proceed *pro se* or retain new counsel and file additional claims.  Accordingly, as counsel has complied with the procedural requirements for withdrawing from representation, we will conduct an independent review to determine whether Cruz' appeal is wholly frivolous.

In the **Anders** brief, counsel indicates that Cruz wants to challenge the discretionary aspects of her sentence.  "Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right." **Commonwealth v. Moury**, 992 A.2d 162, 170 (Pa. Super. 2010).  This Court has explained that, to reach the merits of a discretionary sentencing issue, we must conduct a four-part analysis to determine:

> (1) whether the appeal is timely; (2) whether [a]ppellant preserved his issue; (3) whether [a]pellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence [in accordance with 2119(f)]; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the sentencing code.... [I]f the appeal satisfies each of these four requirements, we will then proceed to decide the substantive merits of the case.

**Commonwealth v. Colon**, 102 A.3d 1033, 1042–43 (Pa. Super. 2014) (quoting **Commonwealth v. Austin**, 66 A.3d 798, 808 (Pa. Super. 2013)).  Cruz has satisfied the first two requirements under **Colon**.  We observe that there is no Rule 2119(f) statement, and therefore, the third requirement has

- 4 -

not been met. However, this Court has explained that in cases where counsel has filed an *Anders*/*Santiago* brief, we will review a discretionary sentencing claim "even absent a separate Pa.R.A.P. 2119(f) statement" and "do not consider counsel's failure to submit a Rule 2119(f) statement as precluding review of whether [the a]ppellant's issue is frivolous." *Commonwealth v. Zeigler*, 112 A.3d 656, 661 (Pa. Super. 2015); *see also Commonwealth v. Bynum-Hamilton*, 135 A.3d 179 (Pa. Super. 2016) (stating that the appellant's failure to file a separate Rule 2119 statement where counsel has sought to withdraw does not preclude review of whether the appellant's issue is frivolous). Accordingly, we must determine whether Cruz raised a substantial question.

Cruz claims that the trial court imposed a lengthy sentence at the top of the standard range and did not consider the various mitigating factors presented on her behalf. *Anders* Brief at 11. This Court has held that "an excessive sentence claim—in conjunction with an assertion that the court failed to consider mitigating factors—raises a substantial question." *Commonwealth v. Caldwell*, 117 A.3d 763, 770 (Pa. Super. 2015) (*en banc*). Therefore, we will consider Cruz' sentencing claim.

Our standard of review of a sentencing claim is as follows:

Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its

- 5 -

judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Shugars*, 895 A.2d 1270, 1275 (Pa. Super. 2006)

Cruz claims that the trial court abused its discretion by imposing a lengthy sentence at the top of the standard range of 78 to 156 months' incarceration and failed to consider various mitigating factors. *Anders* Brief at 11. In particular, she maintains that the court did not consider her history, addiction, and age of her criminal record. *Id.* According to Cruz, the trial court should have imposed a lesser sentence of confinement given her circumstances. *Id.*; *see also* N.T., 4/4/23, at 14-17. We disagree.

Upon review of the record, we note that the trial court considered the Sentencing Guidelines when it sentenced Cruz. Cruz had a prior record score of 4. Additionally, based on the weight of the drugs and the nature of the drugs involved, the offense gravity score was 11. As such, the Sentencing Guidelines recommended a standard range, minimum sentence of 60 to 78 months' incarceration. N.T., 4/4/23, at 5. The trial court sentenced Cruz to 78 months to 156 years' incarceration. This minimum sentence was within the standard range, albeit at the top. Nonetheless, "where a sentence is within the standard range of the guidelines, Pennsylvania law views the sentence as appropriate under the Sentencing Code." *See Commonwealth v. Hill*, 210 A.3d 1104, 1117 (Pa. Super. 2019).

The record also shows that the trial court considered Cruz' multiple relevant mitigating factors when it sentenced her. The trial court had a pre-

sentence investigation report ("PSI"), which it reviewed. N.T., 4/4/23, at 18-19. It is well settled that where a sentencing court is informed by a PSI, "it is presumed that the court is aware of all appropriate sentencing factors and considerations, and that where the court has been so informed, its discretion should not be disturbed." **Commonwealth v. Ventura**, 975 A.2d 1128, 1135 (Pa. Super. 2009). Additionally, counsel highlighted Cruz' mitigating factors for the trial court. N.T., 4/4/23, at 15-17.

Counsel acknowledged that Cruz had a lengthy history of addiction and old drug offenses, which he attributed to Cruz' difficult life. Cruz grew up in Puerto Rico. There, her mother was murdered when she was young. Cruz was sexually abused; she herself was a crime victim, who was shot nine times and, fortunately, survived. Cruz only completed the sixth grade. After she moved to the United States, she married an abusive spouse at a young age. She became pregnant several times, but all her pregnancies were terminated. As a result, Cruz turned to drugs to cope with the pain of her life's experiences. *Id.*

Cruz herself told the court about her difficulties, how she was a caregiver for her elderly and sickly grandmother, and that she was trying to get help and make changes. *Id.* at 17-18. She is working to earn her GED. *Id.* at 16.

Based upon our review of the record, it is clear that the trial court considered Cruz' mitigating factors. However, the court did not weigh them in the manner Cruz believed it should have. The court explained:

> I'm sorry for all of the things that happened to you. I agree that they're tragic and no one should have to endure that. I don't necessarily agree, however, that that can be used to mitigate your choices. When I review your PSI, yes, its remote. There were periods of incarceration and incarceration in State facilities that gave you an opportunity to work on these things and redirect your choices and potentially continue your education while in a facility, all of those things that you are talking about now. And so taking into consideration your prior record score, the offense gravity score, standard range of the Sentencing Guideline, my review of your [PSI], the recommendation of the Commonwealth, the basis for that recommendation, all of the information that your attorney placed on the record, and your comments as well . . . . you'll be committed for a period of not less than 78 months nor more than 156 months . . . .

*Id.* at 18-19. The trial court clearly considered *all* relevant factors, including the mitigating ones, but the court did not find that the mitigating factors outweighed the others to justify a lesser sentence. On appeal, [w]e cannot re-weigh the sentencing factors and impose our judgment in place of the sentencing court." *Commonwealth v. Macias*, 968 A.2d 773, 778 (Pa. Super. 2009). Thus, we conclude that the trial court did not abuse its discretion when it sentenced Cruz.

For the foregoing reasons, we conclude that Cruz' sole claim on appeal is frivolous. Further, in accordance with *Dempster*, we have independently reviewed the certified record to determine if there are any non-frivolous issues that counsel may have overlooked. Having found none, we agree that the appeal is wholly frivolous. Therefore, we grant counsel's petition to withdraw and affirm the judgment of sentence.

Petition to withdraw granted.   Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 4/1/2024